# STANDARD INSURANCE COMPANY,
*Respondent,*

*v.*

# Jerome W. SAKLAD,
*Appellant.*

## (9108-05506; CA A73687)

849 P2d 1150

Gerald R. Pullen, Judge pro tempore. (January 27, 1992, Order)

Christopher F. McCracken, Portland, argued the cause for appellant. With him on the briefs were Stuart C. Harris and Davis Wright Tremaine, Portland.

James Ray Streinz, Portland, argued the cause for respondent. With him on the brief were Russell B. Weed and McEwen, Gisvold, Rankin & Stewart, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Defendant, judgment debtor, appeals from three orders denying three claims that his disability benefits are exempt from garnishment under ORS 23.160(1)(j)(C).[1] At issue is whether the Employee Retirement Income Security Act (ERISA) preempts a state law which exempts proceeds of

---

[1] ORS 23.160 provides, in part:

"(1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. If selected and reserved by the judgment debtor or the agent of the judgment debtor at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to the judgment debtor, the following property, or rights or interest therein of the judgment debtor, except as provided in ORS 23.220, shall be exempt from execution:

"(a) Books, pictures and musical instruments to the value of $300.

"(b) Wearing apparel, jewelry and other personal items to the value of $900.

"(c) The tools, implements, apparatus, team, harness or library, necessary to enable the judgment debtor to carry on the trade, occupation or profession by which the judgment debtor habitually earns a living, to the value of $750. Also sufficient quantity of food to support such team, if any, for 60 days. The word 'team' in this paragraph does not include more than a span of horses or mules.

"(d) A vehicle to the value of $1,200. As used in this paragraph 'vehicle' includes an automobile, truck, trailer, truck and trailer or other motor vehicle.

"(e) Domestic animals and poultry kept for family use, to the total value of $1,000 and food sufficient to support such animals and poultry for 60 days.

"(f) Household goods, furniture, radios, a television set and utensils all of the total value of $1,450, if the judgment debtor holds the property primarily for the personal, family or household use of the judgment debtor; provisions actually provided for family use and necessary for the support of a householder and family for 60 days and also 60 days' supply of fuel.

"(g) All property of the state or any county or incorporated city therein, or of any other public or municipal corporation of like character.

"(h) All professionally prescribed health aids for the debtor or a dependent of the debtor.

"(i) Spousal support, child support, or separate maintenance to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

"(j) The debtor's right to receive, or property that is traceable to:

"(A) An award under any crime victim reparation law;

"(B) A payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

"(C) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

disability benefits from garnishment. 29 USC § 1144(a). We reverse and remand.

Defendant was a beneficiary of two disability policies issued by plaintiff. He defrauded plaintiff of over $250,000 under the first policy but was entitled to benefits under the second policy. After winning a judgment against defendant for fraud, plaintiff sought to garnish the benefits paid under the second policy. Plaintiff registered a judgment against defendant and sought to satisfy that judgment through a writ of continuing garnishment that garnished defendant's monthly disability payments under the second policy. The second policy was administered by an ERISA welfare plan for which plaintiff was a fiduciary.[2] The ERISA welfare plan filed three certificates of garnishee. In response to each certificate of garnishee, defendant filed a claim of exemption under ORS 23.160(1)(j)(C), which exempts from garnishment "payment in compensation of loss of future earnings." The court denied all three claims of exemption, holding that ORS 23.160(1)(j)(C) is preempted by ERISA.

With certain exceptions not applicable to this case, section 514(a) of ERISA preempts all state laws that "relate to any employee benefit plan." 29 USC § 1144(a).[3] The Supreme Court has repeatedly stated that ERISA's preemptive reach is broad. *See, e.g., Shaw v. Delta Air Lines, Inc.*, 463 US 85, 97, 103 S Ct 2890, 77 L Ed 2d 490 (1983). However, that reach is not boundless.

Plaintiff argues that Oregon's anti-garnishment law, ORS 23.160(1)(j)(C), is preempted by ERISA under *Mackey v. Lanier Collections Agency*, 486 US 825, 108 S Ct 2182, 100 L Ed 2d 836, (1988). *Mackey* involved two different

---

[2] A "welfare plan" provides health and disability insurance and other benefits, with the exception of pension benefits. 29 USC § 1002(1). ERISA specifically prohibits garnishment of pension benefits, 29 USC § 1056(d), but is silent concerning the garnishment of welfare benefits.

[3] 29 USC § 1144(a) provides:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975."

Georgia laws. The first prohibited garnishment of the benefits of ERISA welfare plans while permitting garnishment of benefits from non-ERISA plans. The court held that the first law was preempted because it provided different treatment to ERISA plans. Specific reference to ERISA in a state law invariably leads to preemption. 486 US at 829. In contrast, ORS 23.160(1)(j)(C) does not treat ERISA plans differently from non-ERISA plans and so is not automatically preempted.

The second law in *Mackey* was a general garnishment statute which, once the first law was struck down, authorized garnishment of all employee welfare benefits. The Supreme Court held that congressional silence concerning garnishment of employee welfare plan benefits shows that Congress "acknowledged and accepted" the practice of garnishing ERISA welfare plan benefits under general garnishment statutes. 486 US at 837. Plaintiff argues that, by "acknowledging and accepting the practice," Congress intended ERISA plan benefits to be subject to garnishment. Plaintiff misreads *Mackey*. It does not follow that, by acquiescing in garnishment, Congress mandated that practice. We understand *Mackey* to mean that the congressional silence concerning garnishment of ERISA welfare plans acknowledged and accepted various state practices concerning garnishment, including the practice of refusing garnishment. The relevant requirement is that the state garnishment law cannot single out ERISA plans for special treatment. This one does not.

Plaintiff next argues that

> "preemption of ORS 23.160(1)(j)(C) provides for uniformity of treatment of ERISA benefits. If the Oregon statute is not preempted, disability benefits paid pursuant to an ERISA plan would be exempt in Oregon, but the same benefits would not be exempt in Georgia based upon the *Mackey* case."

Plaintiff's argument is incorrectly premised on a belief that ERISA mandates uniform treatment of ERISA *benefits*. ERISA mandates uniform treatment of ERISA *plans*:

> "ERISA's preemption provision does not refer to state laws relating to 'employee benefits' but to state laws relating to 'employee benefit *plans*.' * * * The words 'benefit' and 'plan' are used separately throughout ERISA, and nowhere in the statute are they treated as the equivalent of one another."

*Fort Halifax Packing Co. v. Coyne*, 482 US 1, 7-8, 107 S Ct 2211, 96 L Ed 2d 1 (1986).

"Benefit plans" refers to a set of administrative procedures including claims processing, benefit calculation and pay out. *Fort Halifax Packing Co. v. Coyne, supra.* Whether or not a check is garnished after administrative procedures are complete has nothing to do with a "plan" as that term was defined in *Fort Halifax*. The benefit/plan distinction made in *Fort Halifax* explains why *Mackey v. Lanier Collection Agency, supra,* permitted Georgia to regulate garnishment of *benefits* even though state regulation meant that ERISA benefits would be garnished via procedures that vary from state to state. If uniformity of garnishment procedures was a central regulatory concern of ERISA, *Mackey* would not have left garnishment of disability benefits up to the states.

Due to our disposition of the preemption issue, we need not reach defendant's other assignments of error.

Reversed and remanded.